**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DALVIN BROWN, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-07-3439 |
| | § | |
| AGM ENTERTAINMENT, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 22] filed by Defendants AGM Entertainment, Inc. ("AGM") and David Steadman. Plaintiffs Dalvin Brown, Henry Evans and Butler Evans filed a Response [Doc. # 24], but AGM neither filed a reply nor requested additional time to do so. The Court has carefully reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **denies** Defendants' Motion.

## **I.     FACTUAL AND PROCEDURAL BACKGROUND**

AGM is a moving company, and David Steadman is AGM's Vice President of Operation and Business Development. Plaintiffs worked for AGM as driver/movers. Plaintiffs allege that they worked more than forty (40) hours per week and were not paid the proper overtime rate for those hours in excess of forty. Plaintiffs also allege

that AGM calculated their work time based on computer estimates of the travel time from one place to another rather than pay the drivers for their actual driving time.[1]

Plaintiffs filed this lawsuit alleging that AGM's failure to pay its employees overtime compensation violated the FLSA. In their First Amended Answer and in their Motion for Summary Judgment, Defendants assert the Motor Carrier Act exemption to the FLSA, 29 U.S.C. § 213(b)(1), as an affirmative defense.

## II.  STANDARD FOR SUMMARY JUDGMENT

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). A dispute exists that precludes summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving

---

[1]  AGM argues that Plaintiffs agreed "either explicitly or implicitly" to payment for driving time based on Yahoo or Google map time. Employees cannot, however, waive their rights under the FLSA. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); 29 C.F.R. § 825.220(d).

party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## III.  FLSA AND THE MOTOR CARRIER ACT EXEMPTION

The FLSA requires employers to pay their employees for work in excess of forty hours per week at a rate not less than one and one-half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a)(1). There are, however, several exemptions. One such exception, the Motor Carrier Act exemption contained in Section 13(b)(1), exempts from the FLSA's overtime requirements those employees for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service. *See* 29 U.S.C. § 213(b)(1). The § 13(b)(1) exemption is construed narrowly against the employer. *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). Additionally, the employer has the burden to prove that the exemption applies. *Id.* at 394

For the Secretary of Transportation to have regulatory authority and for the Motor Carrier Act exemption to apply, the defendant "motor carrier must be engaged in interstate commerce, which requires *either* the actual transport of goods across state lines *or* the intrastate transport of goods in the flow of interstate commerce." *Barefoot v. Mid-America Dairymen, Inc.*, 826 F. Supp. 1046, 1049 (N.D. Tex. 1993) (citing *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir. 1976)).

The Department of Transportation ("DOT") has authority over drivers who regularly travel across state lines or who "reasonably are expected to do interstate driving." *Friedrich v. United States Computer Servs.*, 974 F.2d 409, 417 (3rd Cir. 1992).

In this case, Defendants have presented evidence that Plaintiff Brown made as many as five (5) trips across state lines while employed by AGM between December 2005 and July 2007. Defendants have presented no evidence, however, regarding Plaintiffs Henry Evans and Butler Evans, and they have presented no evidence regarding whether making five interstate trips during a 20-month period would indicate that AGM drivers "regularly travel across state lines" or "reasonably are expected to do interstate driving." *See, e.g., Kimball v. Goodyear Tire and Rubber Co.*, 504 F. Supp. 544, 548 (E.D. Tex. 1980) (holding that employer was not entitled to Motor Carrier Exemption where employees' interstate deliveries constituted 0.17% of all deliveries).

An employer can demonstrate that it is entitled to the Motor Carrier Exemption also by showing that its intrastate transport of goods is in the flow of interstate commerce. *See Barefoot v. Mid-America Dairymen, Inc.*, 826 F. Supp. 1046, 1049 (N.D. Tex. 1993) (citing *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir. 1976)). "[W]hether the transportation between two points in a single state is interstate or intrastate depends on the shipment's 'essential character.'" *Siller*

*v. L&F Distributors, Ltd.*, 109 F.3d 765, *2 (5th Cir. Feb. 18, 1997) (citing *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 5 F.3d 911, 917 (5th Cir. 1993)). "Crucial to determining the shipment's essential character is the shipper's fixed and persisting intent at the time of shipment." *Id.* Defendants have failed to present evidence regarding the shippers' intent regarding their goods. There is evidence that certain customers, such as Pottery Barn, shipped goods from outside Texas to a warehouse in Texas and, when needed, AGM would deliver Pottery Barn merchandise to customers in the area. On the other hand, there is evidence that another customer of AGM, 2nd Debut, is a resale shop for furniture involving sellers and purchasers in the Houston area. Defendants have not shown that there is no genuine issue of material fact regarding whether their intrastate transportation of goods is part of interstate commerce.

### IV.   CONCLUSION AND ORDER

Defendants, who bear the burden to establish the Motor Carrier Exemption, have failed to present evidence to show that there is no genuine issue of material fact regarding whether Plaintiffs regularly travel across state lines or are reasonably expected to do interstate driving. Defendants have also failed to show that the intrastate driving by Plaintiffs was part of interstate commerce for purposes of the Motor Carrier Exemption. Although Plaintiffs in their Response noted that

Defendants' evidence failed to show the essential requirements of the Motor Carrier Exemption, Defendants did not file a Reply.  Defendants have failed to establish that there are no genuine issues of material fact and that they are entitled to the § 13(b)(1) exemption and, therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 22] is **DENIED**.

SIGNED at Houston, Texas, this 3rd day of **July, 2008**.

_____
Nancy F. Atlas
United States District Judge